NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JOSEPHINE JEFFREY,                          :
                                            :
    Plaintiff,                              :    Civil Action No. 05-2457 (SRC)
                                            :
v.                                          :    **OPINION**
                                            :
JO ANNE B. BARNHART,                        :
COMMISSIONER OF SOCIAL                      :
SECURITY,                                   :
                                            :
    Defendant.                              :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff, Josephine Jeffrey ("Jeffrey"), of the final decision of the Commissioner of Social Security ("Commissioner") determining that she is not eligible for Social Security Disability Benefits under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision must be **VACATED** and **REMANDED** for further proceedings.

## I. BACKGROUND

    The following facts are undisputed. Jeffrey was born on July 14, 1940. She has a fifth grade education and has worked as a pill bottling machine operator. On January 14, 2000, she filed an application for Social Security Disability Insurance Benefits, alleging disability since July 15, 1995 due to a back disorder, arthritis, and obesity.

Jeffrey's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Richard L. De Steno (the "ALJ") in August of 2001, who denied Plaintiff's claim in an unfavorable decision issued December 28, 2001.  After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security.  On May 9, 2005, Plaintiff filed the instant appeal of the Commissioner's decision.

## II.  DISCUSSION

A.      Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler,

743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age."  Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."  Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

B.      Standard for Awarding Benefits Under the Act

The claimant bears the initial burden of establishing his or her disability.  42 U.S.C. § 423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled."  42 U.S.C. § 1381.  A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).  Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability.  42 U.S.C. § 423(d)(5)(A).  To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

C.      The Five-Step Evaluation Process

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. §§ 404.1520(a)(ii), (c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered.  Id.  If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. § 404.1594(f)(2).  If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act.  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled.  In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  (Id.)  An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing."  Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work.  20 C.F.R. § 404.1520(e).  If the claimant is able to perform his past relevant work, he will not be found disabled under the Act.  In Burnett, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

> capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120. If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §§ 404.1512(g), 404.1560(c)(1). If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled. Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy. These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity). These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b). When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled. 20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983). The claimant may rebut any finding of fact as to a vocational factor. 20 C.F.R. Part 404, Subpart P,

Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Moreover, "the combined impact of the impairments will be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits. See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the decision. See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006). Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format." Id.

D.     Plaintiff's Appeal

On appeal, Jeffrey argues that the ALJ erred at steps three and four of the five-step evaluation process. As to step three, Jeffrey contends that she has multiple severe impairments that meet or equal the listings. As to step four, Jeffrey argues that the ALJ's decision is flawed both substantively and procedurally.

1.     The ALJ's analysis at step three

Jeffrey argues that her multiple impairments meet or equal the listings, but her failure to

give any detail to this contention prevents this Court from giving it careful consideration.  Jeffrey describes the ALJ's alleged error only vaguely, providing no detail about what impairments she has and what listing she contends they meet or equal.  At step three, the plaintiff bears the burden of producing evidence that her disability meets or equals a listing.  20 C.F.R. § 404.1512(c).  Plaintiff has not even argued that she carried that burden as to a specific listing.  As such, this Court has no basis to conclude that the ALJ erred at step three.

      2.        The ALJ's analysis at step four

Jeffrey contends that the ALJ's analysis at step four contains two main flaws: 1) the ALJ's residual functional capacity determination failed to include consideration of Plaintiff's subjective complaints and non-exertional limitations; and 2) the ALJ did not explain how he determined the functional demands of her past relevant work as a pill machine operator, contrary to the requirements of <u>Burnett</u>.

Plaintiff's argument about the residual functional capacity determination is unpersuasive.  Although there is no mention of Plaintiff's subjective complaints in the paragraph on page 5 in which the ALJ stated his conclusion that Plaintiff retained the residual functional capacity for light work, the ALJ had considered Plaintiff's subjective complaints on the preceding page.  (Tr. 17.)  The ALJ considered Jeffrey's subjective complaints and explained that he did not credit them because he found them unsupported by the medical evidence in the record.  (<u>Id.</u>)  In stating the residual functional capacity determination, the ALJ did not need to repeat that he did not credit Plaintiff's subjective complaints.

As to the matter of Plaintiff's non-exertional limitations, again, Plaintiff's argument is too vague to receive careful consideration.  Plaintiff argues only that the ALJ's "findings did not include her . . . inability to function in daily activities and other non-exertional and mental

8

limitations." (Pl.'s Br. 22.)  This quote contains Plaintiff's argument on this issue in its entirety. Plaintiff does not explain what limitations or evidence the ALJ overlooked, and this Court has too little information to consider this argument.

Plaintiff argues persuasively, however, that the ALJ's determination at step four fails to meet the procedural requirements of Burnett, as to the analysis of the actual demands of Plaintiff's past relevant work.[3]  The ALJ provided a short description of the job of operating a pill bottling machine and then stated, without analysis or discussion, that Plaintiff has the residual functional capacity to perform this work.  In Burnett, the Third Circuit made clear that a past relevant work determination such as this is insufficient and is beyond meaningful judicial review.  Burnett, 220 F.3d at 119.  Broadly speaking, in Burnett, the Third Circuit held that, for an ALJ's decision to be amenable to judicial review, "this Court requires the ALJ to set forth the reasons for his decision."  Id.

As cited above, in Burnett, the Court detailed the structure of the analysis at step four and set forth three substeps to be followed.  At the second substep, "the ALJ must make findings of the physical and mental demands of the claimant's past relevant work."  Burnett, 220 F.3d at 120.  The Court further explained the requirements at the second substep by quoting Social Security Regulation 82-62:

> The claimant is the primary source for vocational documentation, and statements
> by the claimant regarding past work are generally sufficient for determining the
> skill level, exertional demands and nonexertional demands of such work.
> Determination of the claimant's ability to do [past relevant work] requires a
> careful appraisal of (1) the individual's statements as to which past work
> requirements can no longer be met and the reason(s) for his or her inability to
> meet those requirements; (2) medical evidence establishing how the impairment
> limits ability to meet the physical and mental requirements of the work; and (3) in

---

[3] The Commissioner's opposition brief does not address this issue.

>some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

The ALJ's "assessment of a claimant's past relevant work must be based on some evidence drawn from" the three categories stated in S.S.R. 82-62. Burnett, 220 F.3d at 123.

The regulation states that the ALJ must carefully perform and explain the assessment in the decision:

>The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
>Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).

S.S.R. 82-62. Moreover, regulation S.S.R. 82-61 requires that, at step four, the claimant's residual functional capacity be compared to "[t]he actual functional demands and job duties of a particular past relevant job."

ALJ De Steno's decision does not develop and explain fully how the ALJ assessed the actual functional demands of Plaintiff's past relevant work as a pill bottling machine operator. The ALJ failed to meet the requirements of Social Security Regulations 82-61 and 82-62, as well as Burnett. See also Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir. 1996) ("At the second phase of the step four analysis, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work.")

Careful assessment of the actual functional demands of Plaintiff's past relevant work must be followed by careful analysis of Plaintiff's ability to perform that work. The Third

Circuit addressed a similar situation in Adorno v. Shalala, 40 F.3d 43, 47 (3d Cir. 1994). In Adorno, the Third Circuit found that the ALJ "failed clearly to relate [Plaintiff's] physical impairment(s) to her prior occupation." Id. The Court remanded with this instruction: "On remand, the Secretary must determine, on the basis of substantial evidence, what [Plaintiff's] prior occupation was and what types of work her abilities and limitations permit." Id.

This case will be remanded to the Commissioner, and an instruction similar to that given in Adorno is appropriate here: on remand, the Commissioner must develop the record and explain fully both the actual functional demands of Plaintiff's past relevant work, and relate her abilities and limitations – i.e., her residual functional capacity – to those functional demands.

### III. CONCLUSION

For the reasons stated above, this Court vacates the Commissioner's decision and remands this case to the Commissioner for further proceedings in accordance with this Opinion.


    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: September 28, 2006